## RAYMOND *against* MERCHANT.

JUDGMENT being for the defendant on demurrer, (vid. 3 Cowen's Rep. 147, S. C.) he had taken out of the Register's office in Chancery, a writ of error, and filed it with the Clerk of this Court, but had not put in bail in error. The defendant had, therefore, disregarded the writ of error, sued out a *fi. fa.* which had been returned *nulla bona ;* and now,

*I. Hamilton*, moved for leave to prosecute the bond which the plaintiff had given with sureties to pay the defendant's costs, the plaintiff being a non-resident of the state. He said that, as no bail had been put in, the writ of error did not interrupt his proceedings, to collect the judgment, in any way.

*S. A. Foot*, contra, moved to set aside the *fi. fa.* for irregularity. He said that at common law, the writ of error was, in itself, a stay of proceedings ; and operated as a supersedeas to the execution at any time before it was ex-

ALBANY,
Feb. 1825.

Raymond
v.
Merchant.

The act concerning writs of error, (1 R. L. 143, s. 2,) which requires the plaintiff in error to give bail for the debt or damages and costs, extends to a judgment for the defendant, for *costs* only.

Raymond
v.
Merchant.

ecuted. But being frequently brought for the mere purpose of delay, the statute (1 R. L. 143, s. 2) was passed providing that no execution, in any personal action, should be a stay, unless the plaintiff in error gave bail. Although this section is general, that execution shall not be stayed in any *personal action*, yet when the same section comes to speak of the terms in which the bail is to be given, it is evident that it can apply to cases only in which judgment is for the plaintiff in the Court below. The condition of the recognizance is, to prosecute the writ of error to effect; " and also to pay and satisfy, if such judgment shall be affirmed, *the debt or damages and costs*, to be adjudged upon such judgment, and all costs and damages to be awarded for the delay of execution." The statute then goes on, in a distinct section, (sec. 3,) to provide for error in dower and ejectment. As to these cases, the introductory part of the section is equally general, and would seem to require bail in all cases, be the judgment for or against the plaintiff; but when it comes to speak of the recognizance of bail, we find it conditioned to pay *costs and damages ;* and, in order to ascertain these damages, the Court are to award a writ of inquiry. So it is evident that both these sections can apply only to writs of error, brought to reverse judgments for the plaintiff. They are unqualified that a recognizance must be given in language, which would be inapplicable to a judgment for the defendant. In personal actions, the object was to prevent delay in collecting the debt or damages : In dower and ejectment, to avoid delay in obtaining possession of the thing in dispute. The legislature never counted the delay any thing as to a mere bill of costs ; and the same view seems to be taken of the subject by the books of practice. They have not given directions for a recognizance of bail, where mere costs are concerned. Though the sections in question set out with general words, these are clearly restrained, not only by the terms in which the recognizance is required to be given, but by the nature of the subject and the evil to be avoided. I find no trace of any proceeding to give bail in a case like this, either in the English, or American books.

*Hamilton,* in reply.　All the reasoning upon the other side is confined to a mere criticism upon the terms of the recognizance.　The words of the statute are admitted to be general and peremptory, clearly embracing this case.　The whole should be taken together ; and all the Court have to do is to construe the words, *debt or damages and costs* disjunctively as to the costs, when the judgment is for these only ; and the statute has its full effect.　The first part of the section should control.　The mere costs of a defence may be larger in amount, than the debt or damages which the plaintiff may recover.　The evil of delay is therefore the same in both cases, and no distinction I believe, has ever been made, in practice, by the profession.　But the word *damages* includes *costs,* and so the Court have frequently holden.　Our statute of dockets (1 R. L. 501, s. 3) requires the Clerk to docket all judgments for *debt* or *damages,* under which the practice has always been to docket judgments for costs only.　The 8th section of the same statute (1 R. L. 502) contemplates a judgment for costs being so perfected as to be a lien on lands.　The two sections are considered together, with the intent and object of the statute.　So it should be here.　That the Court frequently consider costs as damages, is a familiar proposition, in support of which no case need be adduced.　The recognizance is not only for the damages, &c. below, but for the costs on error.　Is a party to be deprived of all security for these also ?

*Cur. adv. vult.*

ALBANY,
Feb. 1825.

Raymond
v.
Merchant.

*Curia.*　We find no decision applicable to this question ; and it must therefore depend upon the meaning of the statute to be gathered from its language and object.　Its language is general, and embraces writs of error which are prosecuted upon a judgment in any *personal* action.　It is supposed that the condition which the statute requires to be inserted in the recognizance, that the plaintiff in error shall pay the *debt or damages and costs,* restricts its meaning to those cases only where the judgment upon which the writ of error is brought shall be for the plaintiff below, or at any rate for something besides costs ; as the wording would

ALBANY,
Feb. 1825.
————
Raymond
v.
Merchant.

be partially inapplicable to a judgment for costs merely. In fixing the form, the legislature probably had an immediate eye to the common case of a debt or damages and costs; but their intention, as indicated at the beginning of the section, cannot have full effect, without a construction which reaches the present case. There certainly can be no good reason why bail should be required where nominal damages with costs are given; and yet should be denied for costs alone. The latter case is equally within the mischief intended to be remedied; and the act should be construed liberally with a view to suppress the mischief.(a)

The question, however, is novel, and the recognizance was omitted upon the belief that it was not necessary. The motion of the plaintiff is to set aside the *fi. fa.*; that of the defendant, to prosecute the security heretofore given. Strictly, the defendant's motion should be granted and the plaintiff's denied; but, under the circumstances of the case, the plaintiff may take a rule that both motions be denied on the plaintiff's filing, within 20 days, a proper recognizance to prosecute the writ of error; and on payment of all the costs of both motions. If the costs be not paid, the defendant may enter his rule to prosecute.

We do not mean, by this indulgence, to be understood as innovating at all upon the ordinary rule, limiting the time of putting in bail on error.(b) We depart from it in this instance, only upon the peculiar circumstances presented by the case.

Rule accordingly.

(a) *Ablett* v. *Ellis*, 1 B. & P. 249, per Eyre, C. J. and Buller, J. acc.
(b) Vid. *Blunt* v. *Greenwood*, 1 Cowen's Rep. 15, 18, 21.